No. 18,242.

J. H. NESBITT et al., *Appellees,* v. MARY CHESEBRO et al., *Appellants,* and CHARLOTTE E. SEATON, as Executrix, etc., *Appellee.*

### OPINION ON REHEARING.

#### HEADNOTE BY THE REPORTER.

JUDGMENT—*Set Aside and Modified on Rehearing.* On rehearing the judgment heretofore rendered in this case (89 Kan. 863, 133 Pac. 545) is set aside and modified in accordance with the views and directions herein expressed.

Appeal from Logan district court; JACOB C. RUPPEN-THAL, judge. Opinion on rehearing filed December 6, 1913. (Original opinion, 89 Kan. 863, 133 Pac. 545, . modified.)

*W. H. Wagner,* of Russell Springs, *G. W. Stubbs,* and *F. H. Stubbs,* both of Kansas City, Mo., for the. appellants.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junction City, for the appellees.

*Per Curiam:* In their motion for a rehearing, the appellants rehearse and vigorously urge a reconsideration of several errors assigned and argued in their former brief. Some of these assignments of error in the trial are technically well taken. The case is complicated and involved three parties. This court was confronted with the question whether it should reverse the judgment and remand the case for a new trial, or whether, being informed of all the facts and the situation of the parties without additional evidence, and in view thereof, believing that the judgment failed in some particulars to do full justice, a modification thereof should be ordered. The latter course is adopted.

'On a reconsideration of the whole case, we have concluded that other changes in the judgment should be

made, and that it is our duty under the provisions of section 581 of the new code to set aside the old judgment and to order the trial court to render judgment as herein directed after causing notice of the time and place of rendering such judgment and allowing the administratrix of the Seaton estate the option of taking or refusing judgment in its favor upon the facts pleaded in the answer and cross-petition of John Seaton, deceased.

The judgment is to be rendered for plaintiff as of the date of the original judgment and in amount as modified in the former decision. If the administratrix so elects, judgment to be for the estate for the amount pleaded as due in the answer; also, orders are to be made as follows: for the sale of the land under plaintiff's judgment in bulk, subject, first, to remainder of indebtedness on the Seaton mortgage not included in the judgment; second, to remainder unpaid on plaintiff's contract not included in the judgment. Proceeds of sale to be applied, first, to costs; second, to judgment, if any, for Seaton; third, to plaintiff's judgment.

No order should be made for procuring judgment, without a formal action, for any indebtedness maturing in the future to the Nesbitts on the contract or on the Seaton note and mortgage.